Johnson J.
delivered the opinion of the Court.
The leading rules as to the liability of partners for contracts, made by an individual partner, in relation to a subject matter within the scope and object of the partnership, were considered by the Court in the case of Galloway v. Hughes, referred to by the presiding Judge ; and this case would not seem to require more than their application. I will, however, refer to the case of Exparte Agace, 2 Cox. Ch: Ca. 316; in which they aré perhaps better expressed. “ In partnership,” says the Lord Commissioner Eyre, “ both parties are authorized to treat for each other, in every thing that concerns, or properly belongs to the joint trade, and may bind each other in transactions with every one, who is not distinctly informed of any particular circumstances which may vary the case. On the other hand if the transaction has no apparent relation to the partnership, then the presumption is the other way, and the partnership will not be bound by the acts of one of the partners, without special circumstances.” See also Livingston v. Roosevelt, 4 Johns: 251, and Sandiland v. Marsh. 2 Barn: & Ald: 673.
The foundation of .the liability of partners for the contracts of each other, is the contract between the partners themselves, manifested by their holding themselves out to the world as partners in a particular trade or business; from which an agreement between them is implied, that each may do whatever is *111 necessary to the operations of that particular trade or business : But the implication goes no farther, for the obvious reason, that it could not have entered into the mind of the partners token the contract of partnership tvas made.
The verdict of the jury has established the existence of a co-partnership between the defendants for carrying by water between Columbia and Charleston, or as the witness expresses it “ in the boating business;” and according to the rule before laid down, the defendant Thomas Hughes, was liable on all contracts made by his partner R. W. Hughes, which concerned, or properly belonged to that business, but no further unless by his own consent.
There is perhaps no importance to be attached to the circumstance, that, according to the testimony, the contract to draw and receive the money was to be performed by R. W. Hughes alone: for if it was within the scope and object of the partnership, or within the regular course of their trade, and with reference to it, his partner would have been bound, although he was not named. Without this, the contract itself falls into two distinct parts : 1st, to carry and deliver the iron; 2d, to draw and receive the money, and pay the balance to the plaintiff, and not to sell or do any thing else with the iron.
Neither of these undertakings have necessarily any connexion with, or dependence upon, the other. The defendant, Thomas Hughes, was unquestionably liable as a partner in the former, and incurred all the responsibility attached to it, because it was in the direct course of their joint business; but that has been fulfilled to the letter, and the only question now, is, whether he is liable on the latter.
Regarding these as distinct and independent contracts, the statement of the case alone furnishes an answer. It is difficult to conceive of any act more foreign to the business of boating or carrying freight, than that of drawing and receiving money and paying it over; nor are they so identified as to the partners, as to charge the firm by the circumstance that they are entered into at the same time, and in connection with, the contract to carry. To bind, the act to be performed, must, as before remarked, be within the scope of the partnership business.' If then, R. W. Hughes had in consideration that the plaintiff would let him have the iron to carry on freight, undertaken that the firm would *112 build him a house, or remove to Rome without compensation, it would not be pretended, that, they are bound hy it; and yet I think the agreement made by R. W. Hughes, to, draw and receive money, is quite as foreign to the contract to carry. The case of Galloway v. Hughes, is relied on as sustaining the cause of action throughout, and as precisely analogous. There the contract was to carry and sell the plaintiff’s cotton, and to account with him for the proceeds; and there was plenary proof, that it was the usage of that particular trade to perform the service as a part of the duty by which .the freight was earned : here the contract so far as concerned the cargo, was simply to carry and deliver. The act of drawing and receiving the money is not covered by the usage proved in that case, nor was there any evidence of a custom in relation to it offered on the trial. In point of principle, then, there is no analogy between them. This view being decisive of the rights of the parties, it is thought unnecessary to consider the other questions which have been raised. ,
Motion granted.